Per Curiam.
This suit was brought 'by John C. Turner & Co. for the use of Robert Edrington, administrator, on a promissory note for $919, made by the defendant. The defendant obtained a verdict, and the plaintiff made an unsuccessful rpotion for a new trial. A second motion for a new trial was sustained on plaintiffs paying the costs within ninety days. At the succeeding term, a motion was made to strike the case from the docket, because the costs had not been paid within the ninety days, which was sustained ; whereupon' the plaintiff moved to reinstate the case, which was refused. We shall not inquire into the merits of the several motions. The plaintiff took a bill of exceptions on overruling his first motion, and on that he is entitled to have the case considered. The subsequent orders were in effect to refuse a new trial, so that the case was left as it had stood on overruling the first motion.
*438 It seems that Jesse S. Brown, the husband of defendant, was, in his lifetime, indebted to Turner & Co. After Brown’s death, Turner applied to the defendant, who was administratrix, for payment. She- paid part, and was prevailed on by Turner to give her note, payable at a distant day, for the balance, under assurances that she should not be looked to for payment; but that the object was to place the claim in a stronger shape against the estate. The estate was afterwards declared insolvent, and the defendant had no assets in her hands when she gave the note.
During the trial, a witness was permitted to state that he had heard Edrington, the assignee, say, that he had given Turner &Co. one hundred and twenty-five dollars, in Brandon money, for the note. The plaintiff objected to the admission of such testimony; but the objection was overruled. This was error. As between the assignee and the maker, it was immaterial what the former had paid for the note. The price he paid did not diminish the defendant’s liability. She contracted to pay so much, and by the assignment the assignee became entitled to the amount of the note. As between the assignee and the assignor the question might be different.
On the other points raised, we need do nothing more than throw out a few intimations which may be worthy of consideration on the second trial. If the note was procured by fraud, it of course imposes no liability. In general, it seems that a promise by an executor or administrator, to pay the debt of his testator or intestate, is not binding without a consideration. The considerations which would make such promise binding are various ; as having assets at the time ; forbearance to sue for a definite time ; or, if the administrator has charged the estate, and received an allowance as a credit on his indebtedness to the estate, it would be a strong circumstance against him. So, it seems, giving a promissory note bearing interest' will make him personally liable. Lomax on Executors and Administrators, 275-277.
Let the judgment be reversed, and cause remanded for a new trial.